UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARLON BARRIOS,** *on behalf of himself and all other similarly situated persons*, <br><br>**Plaintiff,**<br><br>v.<br><br>**SUBURBAN DISPOSAL, INC. CHRISTOPHER ROSELLE, and DANIEL J. ROSELLE**<br><br>**Defendants.** | Civ. No. 2:12-cv-03663 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Marlon Barrios brings this putative class and collective action alleging that Suburban Disposal, Inc. ("SDI") and its officers, Christopher Roselle, and Daniel J. Roselle (together "Defendants"), failed to pay minimum wage and overtime in accordance with the Fair Labor Standards Act of 1938 ("FLSA") (29 U.S.C. § 201 *et seq.*) and the New Jersey Wage and Hour Law ("NJWHL") (N.J.S.A. § § 34:11-56 *et seq.*). This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

I.   BACKGROUND

From roughly November 22, 2003 until November 12, 2010, Barrios performed residential waste collection and disposal for Defendant SDI, a company whose principal executives included Defendants Christopher Roselle and Daniel J. Roselle. Compl. ¶ 11, 17, 19, 37, ECF No. 1. Barrios alleges upon information

and belief that SDI was an "enterprise engaged in commerce" for purposes of the FLSA. *Id.* ¶ 35.

Barrios claims that Defendants "instituted a practice of depriving [him] and other members of the putative class of compensation for work performed in excess of forty (40) hours per week [and for] off-the-clock work [performed] before and after [a] paid shift . . . ." *Id.* ¶ 3. For his part, Barrios "typically worked between nine (9) and eleven (11) hours per day, five (5) to six (6) days per week." *Id*. ¶ 38. He was paid a "flat daily rate of between approximately $85 and $130 per day." *Id.* ¶ 38.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

"In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" *Banco Popular v. Ghandi*, 184 N.J. 161 (2003) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir.), *cert. denied*, 543 U.S. 918, (2004)). A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." *Lum*, 361 F.3d at 222 n.3 (citing *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d

Cir. 1997)).

## III. DISCUSSION

Plaintiff's Complaint asserts four causes of action. Count I is a claim for unpaid overtime under the FLSA. Count II is a claim for unpaid overtime under the NJWHL. Count III is a minimum wage claim under the FLSA. Count IV is a minimum wage claim under the NJWHL. Defendants move to dismiss all claims. For the reasons set forth below, Counts I, III, and IV will be dismissed. Count II survives.

### A. FLSA Claims (Counts I and III)

"To state a claim under the FLSA for minimum wage and overtime compensation, plaintiffs must allege: (1) they are employees of the defendant; (2) that their work [or their business's work] involved some kind of interstate activity[;] and (3) the approximate number of hours worked for which they did not receive these wages." *Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-3154, 2012 WL 645905, at *2 (E.D. Pa. Feb. 29, 2012); *see also* 29 U.S.C. §§ 206, 207. In his Complaint, Barrios pleads upon information and belief that "SDI constitutes an 'enterprise engaged in commerce'" for purposes of the FLSA. *Id.* ¶ 35. This statement is conclusory and must be disregarded for purposes of a motion to dismiss. *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). As Barrios has failed to plead facts suggesting that his work or SDI's business involved interstate activity, Counts I and III will be **DISMISSED WITHOUT PREJUDICE**. The Court will grant Barrios leave to amend these claims.[1]

### B. NJWHL Overtime Claim (Count II)

Count Two is a claim for overtime under the NJWHL. Defendants claim that they are exempt from the NJWHL's general overtime requirements because they are a "trucking industry employer." *See* N.J.S.A. § 34:11-56a4. Barrios counters that Defendants' argument fails at the motion to dismiss stage because it relies on facts outside of the Complaint. The Court agrees with Barrios.

---

[1] In their opening brief, Defendants did not argue for dismissal based on a failure to plead interstate activity. Accordingly, Barrios argues that the Court should (a) not consider the argument for purposes of this motion, or (b) invite additional briefing. *See* ECF No. 13. The Court will deny both requests. As Defendants note, it was Barrios who put this issue into play when he argued in his opposition brief that his FLSA claims were well-pled. *See* ECF No. 14. Defendants were free to dispute the argument in their reply brief.

Generally, the NJWHL's overtime provisions entitle an employee to "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week." N.J.S.A. § 34:11-56a4. But if an employee works for a "trucking industry employer," the employee is entitled to overtime at a rate of 1 ½ times the New Jersey minimum wage. *Id.* The definition of a trucking industry employer is set forth in N.J.A.C. 12:56-19.1:

> "Trucking industry employer" means any business or establishment primarily operating for the purpose of conveying property from one place to another by road or highway, and includes the storage and warehousing of goods and property. Such an employer must also be subject to the jurisdiction of the Secretary of Transportation pursuant to the Federal Motor Carrier Act, 49 U.S.C. § 31501 et seq., whose employees are exempt under Section 13(b)(1) of the Fair Labor Standards Act, 29 U.S.C. § 213(b)(1), which provides an exemption to employees regulated by Section 204 of the Federal Motor Carrier Act and Interstate Commerce Act.

Accordingly, to qualify as a "trucking industry employer," a business must satisfy three requirements. First, it must be "primarily . . . for the purpose of conveying property from one place to another by highway." *Id.* Second, it must be subject to the jurisdiction of the United States Secretary of Transportation under the Federal Motor Carrier Act. *Id.* Third, it must have employees who are exempt from the FLSA's overtime requirements pursuant to 29 U.S.C. § 213(b)(1). *Id.* Employees are exempt from the FLSA's overtime requirements when, *inter alia*, they "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce." 29 C.F.R. § 782.2(a).

As the instant motion is a motion to dismiss, the Court looks only to the Complaint and documents "integral to or explicitly relied upon in the complaint," *Lum*, 361 F.3d at 222 n.3, to determine whether Defendants satisfy the trucking industry employer exemption. *See Rehabilitation Institute of North Jersey, Inc. v. Home Depot Inc.*, No. 12-4035, 2012 WL 5944658, at *2 (D.N.J. Nov. 27, 2012) ("An argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss.").

Defendants maintain that they satisfy the trucking industry employer exemption. In support of this argument, they cite to facts contained in a declaration attached to their motion. *See, e.g.*, Defs.' Br. at 16 ("Suburban collects and transports solid waste and recyclables to locations both in and out of state."); *id.* at 14 ("Barrios would also be responsible for assisting the driver with traffic

control as necessary to assure that Suburban's vehicles traveled safely along the streets and highways."). As these facts are not contained in the Complaint or in a document that is "integral to or explicitly relied upon in the complaint," *Lum*, 361 F.3d at 222 n.3, the Court may not consider them at this stage of the litigation.

Ultimately, because the facts pled in the Complaint do not support Defendants' claim that they are a trucking industry employer, the Court will **DENY** Defendants' motion to dismiss Count II.

### C. NJWHL Minimum Wage Claim (Count IV)

Count Four is a claim for minimum wage violations under the NJWHL. The NJWHL sets a minimum wage of $7.25 per hour. The Complaint alleges that Barrios "typically" worked as much as 11 hours per day and received at little as $85 per day. Eighty-five dollars for 11 hours comes to $7.73 per hour—more than the NJWHL's minimum wage of $7.25 per hour. Based on the facts alleged in the Complaint, Barrios was paid minimum wage.

Barrios resists this conclusion by citing to paragraph 3 of the Complaint, which states that Defendants required him to perform "off-the-clock work before and after [a] paid shift." Defs.' Br. at 6 (citing Compl. ¶ 3). Based on this allegation, Barrios asks the Court to infer that "Defendants failed to pay Plaintiffs minimum wage for their 'off-the-clock' labor for any work performed in excess of 12 hours per day." *Id.* Had Barrios been paid $85 for 12 hours of work, he would have earned $7.08 per hour—less than minimum wage. But nowhere in his pleading does Barrios allege that he worked 12 hours per day. Indeed, Barrios does not allege that he worked more than 11 hours per day. Instead, he estimates that he "typically" worked up to 11 hours per day. While it is possible that Barrios worked more than 11 hours on some days, the Complaint makes no mention of this.

Based on the facts alleged in his Complaint, Barrios has failed to state a minimum wage claim under the NJWHL, and the Court will **DISMISS** Count IV **WITHOUT PREJUDICE**. If Barrios wishes to provide a clearer estimate of his work hours, he may amend his Complaint accordingly.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Counts I (FLSA overtime), III (FLSA minimum wage), and IV (NJWHL minimum wage) will be dismissed without prejudice. Count II will proceed. The Court will provide Plaintiffs with 30 days in

which file an amended complaint addressing only those deficiencies identified in this Opinion.  An appropriate order follows.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 10, 2013**