UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLON BARRIOS,<br>*on behalf of himself and all other similarly situated persons*,<br><br>**Plaintiff,**<br><br>v.<br><br>SUBURBAN DISPOSAL, INC.<br>CHRISTOPHER ROSELLE, and DANIEL J. ROSELLE<br><br>**Defendants.** | Civ. No. 2:12-cv-03663 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This is an overtime case brought under the New Jersey Wage and Hour Laws ("NJWHL") and the Fair Labor Standards Act ("FLSA"). Now before the Court is Plaintiffs' motion to conditionally certify an opt-in collective action under the FLSA. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

**I.     BACKGROUND**[1]

The Defendants in this case are Suburban Disposal, Inc. ("SDI"), and its executives, Christopher Roselle and Daniel J. Roselle. Plaintiffs Marlon Barrios, Javier Marin, and Jorge Salazar used to work as waste collectors for SDI. Compl. ¶ 37, ECF No. 1. Barrios worked at SDI as a loader and waste collector from roughly November 2003 until November 2010, and then for a few days after that. Barrios Declaration ¶ 2, ECF No. 28-2. Marin worked at SDI as a loader and waste collector from roughly December 2003 until May 2011. Marin Declaration ¶ 2, ECF No. 28-3. Salazar worked

---

[1] In connection with the instant motion, the Court has reviewed the declarations of Marlon Barrios, Javier Marin, and Jorge Salazar filed along with Plaintiffs' opening brief. The Court did not consider the additional declarations Plaintiffs attached to their reply brief. *See D'Aiuto v. City of Jersey City*, No. 6-6222, 2007 WL 2306791, at *4 n.1 (D.N.J. Aug. 8, 2007) (refusing to consider reply brief's arguments that were not raised in the opening brief).

at SDI as a loader and waste collector from roughly December 2004 until May 2011. Salazat Declaration ¶ 2, ECF No. 28-4. All three individuals regularly worked more than 40 hours per week. Barrios Declaration ¶ 7, Marin Declaration ¶ 7, Salazar Declaration ¶ 7. So did other individuals, including "Roquel, Cabrera, Gilder, Melington, Freddy, Johnny, Ulmer, Daniel, Salazar, Martin, Javier, Reynato, Mateo, Rudy, and Juan Reyes." Barrios Declaration ¶ 8. Barrios, Marin, and Salazar received a flat daily rate of pay regardless of the number of hours they worked. Barrios Declaration ¶ 9, Marin Declaration ¶ 9, Salazar Declaration ¶ 8. None of them were paid overtime. Barrios Declaration ¶ 12, Marin Declaration ¶ 12, Salazar Declaration ¶ 10. SDI did not record the hours that Barrios, Marin, Salazar and their fellow employees worked. Barrios Declaration ¶ 11, Marin Declaration ¶ 11, Salazar Declaration ¶ 9. Based on conversations with two co-workers, Jose Luis Cabrera and "Chapin," Marin believes that other co-workers were not being paid overtime. Marin Declaration ¶¶ 13-14. Barrios states that he saw his co-worker Gilder's paycheck, and that he knows Gilder was paid a flat rate regardless of the number of hours Gilder worked. Barrios Declaration ¶ 13. As further evidence that SDI waste collectors were not paid overtime, Plaintiffs point to the Certification of Josh Roselle, SDI's President. Roselle stated that "Suburban's driver and drivers' helpers are exempt from the overtime provisions of the Fair Labor Standards Act and the New Jersey Wage & Hour Law and regulations." Roselle Cert. ¶ 20, ECF No. 7-2.[2]

Barrios brought the instant case against Defendants on June 14, 2012, alleging violations of the FLSA and the NJWHL. Compl. Subsequently, roughly ten additional Plaintiffs, including Marin and Salazar, filed consents to join Barrios's putative FLSA collective action. ECF Nos. 6, 9, 24. Plaintiffs now move for conditional certification of their putative FLSA collective action. Plaintiff request the Court to conditionally certify an FLSA collective action composed of the following individuals:

> Plaintiffs and all other individuals who currently or formerly worked for Defendants at Suburban Disposal as drivers, driver's helpers, waste collectors, and loaders from June 19, 2009 to the present (the "Collective"). Corporate officers, shareholders, directors, and administrative employees are not part of the defined Collective.

Along with their motion for conditional certification, Plaintiffs have provided the Court with a "Notice of Lawsuit" and "Consent to Sue" that they propose to send to potential opt-in plaintiffs.

---

[2] In a separate motion, Defendants seek summary judgment on the ground that the FLSA and NJWHL overtime provisions do not apply in this case. ECF No. 52-21. That motion is currently pending.

## II. LEGAL STANDARD

The FLSA provides employees with the ability to bring a "collective action" on behalf of themselves and similarly situated employees. *See* 29 U.S.C. § 216(b). Unlike an opt-out class action brought pursuant to Federal Rule of Civil Procedure 23(b)(3), a collective action brought under the FLSA is an "opt-in" action. That means that all members of the collective action must affirmatively elect to participate.

Courts routinely treat collective action certification under the FLSA as a two step process. First, courts consider whether to grant "conditional certification"—the kind of certification at issue in this case. "'[C]onditional certification' is not really a certification. *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (internal quotations and citations omitted). Instead, it is "the district court's exercise of [its] discretionary power . . . to facilitate the sending of notice to potential class members." *Id.* (internal quotations and citations omitted). Second, courts consider whether to grant final certification. Final certification is "really" a certification.

For a court to grant conditional certification, plaintiffs must satisfy the "modest factual showing" standard. *Id.* at 536 n.4. This standard requires plaintiffs to "produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189 (3d Cir. 2011)). Conditional certification decisions are generally based on the pleadings and affidavits submitted by the parties. *See Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 496 (D.N.J. 2000). Accordingly, the conditional certification decision is "made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* (internal quotation and citation omitted).

## III. DISCUSSION

Plaintiffs have made the modest factual showing required for conditional certification. Barrios, Marin, and Salazar all submitted declarations stating that they worked at SDI, that they worked more than 40 hours per week, and that they were not paid overtime. They identified, by name, other employees who worked more than 40 hours per week. Based on discussions with co-workers, they alleged that SDI has not been paying overtime to co-workers. Even if these discussions fail to support conditional certification, the testimony of SDI's President provides ample support for Plaintiffs' contention that SDI has not been paying overtime to their co-workers. SDI's President testified: "Suburban's driver and drivers' helpers are exempt from the overtime provisions of the Fair Labor Standards Act and the New Jersey Wage & Hour Law and regulations." Roselle Cert. ¶ 20, ECF No. 7-2. Accordingly, Plaintiffs have "produce[d] some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 (quoting *Symczyk*, 656 F.3d at 189).

SDI disagrees, arguing that Plaintiffs have failed to make the showing required for conditional certification. Here, SDI points to cases such as *Bredbenner v. Liberty Travel, Inc.*, No. 9-905, 2009 WL 2391279 (D.N.J. July 31, 2009), where this Court conditionally certified an FLSA collective action based on five affidavits, as well as documentary evidence of a defendant's overtime policy. While the *Bredbenner* court had more affidavits to work with—five, as opposed to three here—the *Bredbenner* court never imposed a number requirement on the number of affidavits necessary at the conditional certification stage. Furthermore, while the Plaintiffs here did not provide the Court a written SDI overtime policy, Plaintiffs have provided equivalent evidence: Roselle's statement that SDI did not have to pay overtime in accordance with the FLSA.

Finally, SDI argues that conditional certification would be improper because the Court will have to conduct individualized damages inquiries for each potential collective action member. This "individualized inquiry" argument is properly addressed on a motion for final certification, not a motion for conditional certification. *See Shakib v. Back Bay Restaurant Group, Inc.*, No. 10-4564, 2011 WL 5082106, at *4 (D.N.J. Oct. 26, 2011); *Bishop v. AT&T Corp.*, 256 F.R.D. 503, 509 (W.D. Pa. 2009).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to conditionally certify an FLSA collective action is **GRANTED**. The Court will **ORDER** the issuance of the "Notice of Lawsuit" and "Consent to Sue" attached to Plaintiffs' motion. An appropriate order follows.

                                        /s/ William J. Martini
                                    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 11, 2013**