UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARLON BARRIOS,** *on behalf of himself and all other similarly situated persons*,<br><br>**Plaintiff,**<br><br>v.<br><br>**SUBURBAN DISPOSAL, INC. CHRISTOPHER ROSELLE, and DANIEL J. ROSELLE**<br><br>**Defendants.** | Civ. No. 2:12-cv-03663 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This putative class and collective action concerns alleged violations of the Fair Labor Standards Act of 1938 ("FLSA") (29 U.S.C. § 201 *et seq.*) and the New Jersey Wage and Hour Law ("NJWHL") (N.J.S.A. § § 34:11-56 *et seq.*). On September 27, 2013, Defendants moved for summary judgment, arguing that Plaintiff's FLSA and NJWHL claims were barred under the federal Motor Carrier Act ("MCA") Exemption and an analogous state law exemption. On December 11, 2013, the Court denied the motion. Arguing that there is a substantial ground for a difference of opinion regarding the proper application of the MCA Exemption, Defendants now move for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is **DENIED**.

Familiarity with the Court's two prior opinions in this case is presumed. *See Barrios v. Suburban Disposal, Inc.*, No. 12-3663, 2013 WL 6496243 (D.N.J. Dec. 11, 2013) ("*Barrios II*"); *Barrios v. Suburban Disposal, Inc.*, No. 12-3663, 2013 WL 1504489 (D.N.J. Apr. 10, 2013) ("*Barrios I*"). In the more recent of the two opinions, *Barrios II*, the Court addressed whether Plaintiffs' FLSA and NJWHL were barred under the MCA Exemption and an analogous state law exemption. As the Court explained, the MCA Exemption applies if Plaintiffs (a) transported property from state to state; or (b) transported property within a state, so long as the practical continuity of movement in interstate commerce test was satisfied. *Barrios II*, 2013 WL 6496243, at \*\*6-9. The Court held, based on disputed facts, that summary judgment was improper on MCA

1

Exemption grounds.  First, the Court held that Defendants had failed to demonstrate that Plaintiffs transported property from state to state because Defendants failed to demonstrate (a) that Plaintiffs made interstate trips, and (b) that Plaintiffs reasonably could have expected to make interstate trips.  *Id.* at **6-8 (citing 46 Fed. Reg. 37,902).[1] Second, the Court held that Defendants had failed to demonstrate, based on the undisputed facts, that the waste Plaintiffs transported within New Jersey was in the practical continuity of movement in interstate commerce.

Leave to file an interlocutory appeal may be granted where an order "involves a controlling question of law," as to "which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "[A]ll three requirements must be satisfied for a court to certify an issue for appeal."  *In re Schering-Plough Corp.*, No. 8-397, 2010 WL 2546054, at *4 (D.N.J. June 21, 2010).  "The decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification."  *Krishanthi v. Rajaratnam*, No. 9-5395, 2011 WL 1885707, *2 (D.N.J. May 18, 2011) (internal quotations and citation omitted).

Here, the parties dispute only the second factor: whether there is a substantial ground for difference of opinion regarding the Court's holding that Defendants had failed to satisfy the MCA Exemption.  Specifically, Defendants argue that there is a substantial ground for a difference of opinion regarding whether "a solid waste collection company is *per se* engaged in interstate commerce for purposes of the MCA Exemption to the FLSA."  Def.'s Br. at 3, ECF No. 62-1.

Defendants begin by citing four cases that purportedly make for a substantial ground for a difference of opinion about whether a waste collection company is *per se* engaged in interstate commerce under the practical continuity of movement analysis.  *See Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Resources*, 504 U.S. 353 (1992), *C&A Carbone, Inc. v. Clarkstown*, 511 U.S. 383 (1994), *Atlantic Coast Demolition & Recycling, Inc. v. Board of Chosen Freeholders of Atlantic County*, 112 F.3d 652 (1997), *amended by* 135 F.3d 891 (3d Cir. 1998), and *Graham v. Town & Country Disposal of W. Missouri*, 865 F. Supp. 2d 952 (W.D. Mo. 2011).  The first three cases all address whether flow control ordinances that discriminate against interstate commerce are permissible under the Commerce Clause.  These cases are inapposite.

The fourth case, *Graham*, is much closer to the facts of this case, but it also fails to address the practical continuity of movement test.  Instead, *Graham* focuses on the "transported property from state to state" prong of the MCA Exemption.  Under this prong, the *Graham* court held that the MCA exemption applied to trash truck "throwers" who were subject to being assigned to work in either Kansas or Missouri.  *Id.* at 953-54.  As noted in *Barrios II*, there is a factual dispute about whether Plaintiffs could have

---

[1]    The Court recognized that one Plaintiff, Marin, had driven across state lines twice in his eight-year employment, but the Court denied summary judgment on MCA Exemption grounds because Defendant's summary judgment motion was directed at Plaintiffs as a group.  *Barrios II*, 2013 WL 6496243, at *7 n.1.

reasonably been expected to make interstate runs. *See Barrios II*, 2013 WL 6496243 at \*6 (citing 46 Fed. Reg. 37,902). It follows that an interlocutory appeal based on *Graham* could clarify whether the Court properly granted summary judgment, but it could not resolve a substantial difference of opinion about the MCA Exemption. Notably, even if *Graham* did stand for the proposition that every thrower is *per se* engaged in interstate commerce so long as he works for a solid waste disposal company engaged in interstate commerce—a holding contrary to the holding of this court—*Graham* alone does not make for a substantial ground for difference of opinion.

Next, Defendants take issue with the way in which the Court determined whether the waste transported by Plaintiffs was placed in the practical continuity of movement in interstate commerce. In *Barrios II*, the Court analyzed the practical continuity of movement test by considering "all the facts and circumstances." *Id.* at \*8. As part of this analysis, the Court considered the factors set forth in an Interstate Commerce Commission Policy Statement, *ICC Policy Statement, Motor Carrier Interstate Transportation–From Out–of–State Through Warehouses to Points in Same State* ("*ICC Policy Statement*"), 57 Fed. Reg. 19812 (May 8, 1992). *See id.* at \*\*8-9. Defendants argue that the Court should have applied the "totality of circumstances" approach instead. Def.'s Br. at 10 (citing *Packard v. Pittsburgh Tranport. Co.*, 418 F.3d 245, 255 (3d Cir. 2005)). The Court fails to see how a consideration of "all the facts and circumstances" differs from a totality of circumstances analysis. Moreover, even if the Court relied solely on the *ICC Policy Statement* factors—which it did not—Defendants fail to recognize that the *ICC Policy Statement* factors are used to ascertain the totality of circumstances. *See Atlantic Indep. Union v. Sunoco*, No. 3-4389, 2004 WL 1368808, at \*4 (E.D. Pa. June 16, 2004) (using *ICC Policy Statement* factors to determine totality of circumstances); *see also Glanville v. Dupar, Inc.*, No. 8-2537, 2009 WL 3255292, at \*10 (S.D. Tex. Sept. 25, 2009) ("The 'totality of the circumstances' test is best summarized in the Department of Transportation's 1992 Policy Statement.").

Finally, Defendants argue, based on the factual record, that almost all waste transported in New Jersey is inevitably destined for out-of-state transport. The Court addressed this issue in its prior opinion. The Court concluded that there was a factual dispute about whether the waste transported by Plaintiffs was destined for interstate shipment. While Defendants plainly disagree with this decision, "[i]ssues of fact are not an appropriate basis for an interlocutory appeal." *Pharmanet Dev. Group, Inc. v. DataSci Ltd. Liab. Co.*, No. 8-2965, 2009 WL 2168770, at \*1 (D.N.J. July 17, 2009) (citing *Christy v. Penn. Tpk. Comm.*, 912 F. Supp. 148 (E.D.Pa. 1996)).

Ultimately, the "substantial difference of opinion" factor does not weigh in favor of certification. The motion for certification of an interlocutory appeal is **DENIED**.

## **CONCLUSION**

For the reasons stated above, Defendants' motion is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 7, 2014**