# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARLON BARRIOS and ANGEL MORALES individually and on behalf of all other persons similarly situated who were employed by SUBURBAN DISPOSAL INC., LOUIS T. ROSELLE, INC., CHRISTOPHER ROSELLE, DANIEL J. ROSELLE, and LOUIS ROSELLE, and/or any other entities affiliated with or controlled by SUBURBAN DISPOSAL INC., LOUIS T. ROSELLE, INC., CHRISTOPHER ROSELLE, DANIEL J. ROSELLE, and LOUIS ROSELLE,<br><br><div align="right">Plaintiffs,</div><br><div align="center">-against-</div><br>SUBURBAN DISPOSAL INC., LOUIS T. ROSELLE, INC., CHRISTOPHER ROSELLE, DANIEL J. ROSELLE, and LOUIS ROSELLE, and/or any other entities affiliated with or controlled by SUBURBAN DISPOSAL INC., LOUIS T. ROSELLE, INC., CHRISTOPHER ROSELLE, DANIEL J. ROSELLE, and LOUIS ROSELLE,<br><br><div align="right">Defendants.</div> | No. 12-cv-03663-WJM-MF<br><br>**FINAL ORDER APPROVING SETTLEMENT** |

WHEREAS, the Parties[1] have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with the Joint Stipulation of Settlement and Release ("Stipulation") which sets forth the terms and conditions for the settlement of the Lawsuit against Defendants and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Stipulation, the memorandum of law in support of final approval, the memorandum of law in support of attorneys' fees and service awards, and the Declaration of Lloyd R. Ambinder, and exhibits attached thereto;

---

[1] Capitalized terms not defined herein have the meanings assigned to them in the Stipulation.

WHEREAS, on April 9, 2015, this Court issued an order preliminarily approving the proposed settlement agreement and providing for court approved notice of the settlement to the Rule 23 Class Members and FLSA Collective Members.  Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiffs, Opt-in Plaintiffs, and the Class.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, Class Counsel has advised that no written objections to the settlement have been received and no class members have opted out of the settlement. Further, no one is anticipated to appear at the Fairness Hearing, scheduled for January 7, 2016, to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Rule 23 Class Members and Participating Claimants.

2.     For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Stipulation.

3.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final certification, for settlement purposes only (and for no other purpose and with no other effect upon this or any other current or future action), of a Rule 23 Class consisting of all individuals who were worked for Defendants as drivers, driver's helpers, waste collectors and

loaders in the State of New Jersey from June 14, 2010 through March 14, 2010, as they meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4.      For settlement purposes only (and for no other purpose and with no other effect upon this or any other current or future action), the Court also grants final approval of the following FLSA Collective: All individuals who (a) worked for Defendants as drivers, driver's helpers, waste collectors and loaders from June 14, 2009 through March 14, 2010; and (b) submitted timely consent to join forms with the Court or timely Claim Forms to the Settlement Claims Administrator.

5.      The settlement as set forth in the Stipulation is approved and is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiffs, Participating Claimants, and the Rule 23 Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

6.      All terms and provisions of the Stipulation shall be implemented.

7.      Class Counsel shall be awarded attorneys' fees and costs in the amount of $300,000.00.

8.      For services rendered on behalf of the Lawsuit and Class, Named Plaintiff Marlon Barrios shall be awarded $7,500.00 and Named Plaintiff Angel Morales shall be awarded $7,500.00. These service awards are in addition to any settlement amounts these Plaintiffs are eligible to receive pursuant to the Stipulation as members of the Rule 23 Class and FLSA Collective.

9.      Rule 23 Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly,

against Defendants, any and all claims released in the Stipulation.  All such matters are hereby finally concluded, terminated and extinguished.

           10.     Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

SO ORDERED THIS ___ DAY OF _____ 2016.


_____
Hon. Mark Falk, U.S.M.J